UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ SINCLAIR & WILDE, LTD.,         │
│                                 │
│         Plaintiff,              │
│                                 │
│    -against-                    │
│                                 │
│ BARER HOLDING CO. ET AL.,       │
│                                 │
│         Defendants.             │
└─────────────────────────────────┘
```

24-cv-8488 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

    This case arises out of a dispute between plaintiff Sinclair & Wilde Ltd. ("Sinclair") and defendants Barer Holding Co. ("Barer"), Barer's president and majority owner Oktay Ercan, and Carl Henin. With Henin acting as its agent, Sinclair entered into five supply agreements with the Ministry of Defense in Ukraine (the "Ministry") to produce military uniforms for Ukrainian soldiers fighting in the Russia-Ukraine war. Sinclair then separately contracted with Barer to produce and distribute the uniforms. In the months that followed, Sinclair paid defendants for their services via its Bank of America account.

    In April 2024, Sinclair filed suit against the defendants in New York Supreme Court, raising five claims. First, Sinclair alleged that defendants tortiously interfered with its supply agreements ("Count 1"). Second, Sinclair alleged that defendants tortiously interfered with its current and prospective business relationships with the Ministry, Bank of America, and other

1

domestic and international businesses ("Count 2"). Third, Sinclair alleged that defendant committed fraud ("Count 3"). Fourth, Sinclair alleged that Barer and Ercan falsely imprisoned and engaged in a malicious prosecution against Sinclair's Chief Executive Officer, Philippe Solomon ("Count 4"). Finally, Sinclair alleged that defendants committed libel and defamation by falsely accusing Sinclair of engaging in various criminal activities ("Count 5"). Defendants removed to this Court on the basis of diversity, after which Sinclair filed an amended complaint, which raised the same five claims. Defendants have now moved to dismiss the amended complaint.

After careful consideration, the Court grants in part and denies in part the motion to dismiss. The Court denies the motion with respect to Counts 1 and 2, but grants the motion with respect to Counts 3, 4, and 5. An Opinion explaining the reasons for this ruling will issue in due course.

SO ORDERED.

New York, NY
2/1?, 2025

_____
JED S. RAKOFF, U.S.D.J.