UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SINCLAIR & WILDE, LTD.,<br><br>   Plaintiff,<br><br> -against-<br><br>BARER HOLDING CO., ET AL.,<br><br>   Defendants. | 24-cv-8488 (JSR)<br><br>ORDER |
| BARER HOLDING CO., ET AL.,<br><br>   Third-Party Plaintiff,<br><br> -against-<br><br>PHILIPPE HAIM SOLOMON,<br><br>   Third-Party Defendant. | |

JED S. RAKOFF, U.S.D.J.:

  The defendants, Barer Holding Company, Oktay Ercan, and Carl Erik Henin, have moved in limine to preclude the plaintiff, Sinclair & Wilde, from offering several categories of evidence at trial. See ECF No. 51. Upon full consideration of the parties' submissions and oral argument on November 7, 2025, the Court grants the motions in part and denies them in part.

  Specifically, the Court denies the motions in limine seeking to bar Sinclair & Wilde from presenting evidence of (1) Barer's performance deficiencies, (2) the parties' prior dealings, and (3) foreign arbitration awards. The Court also rejects the request to exclude lay testimony on damages that are based on personal knowledge, rather than technical or scientific expertise.

1

However, the Court bars any evidence alleging fraud, forgery, or backdating of the Assignment Agreements, as well as any damages theories unrelated to the plaintiff's surviving fiduciary-duty claims. The parties are also precluded from introducing any evidence at trial concerning criminal investigations of, or accusations against, Mr. Solomon or Sinclair.

Naturally, any evidence introduced at trial must still comply with the Federal Rules of Evidence, and, notwithstanding this Order, each party may lodge objections to evidence throughout the proceedings when the Rules call for it.

The Clerk of Court is respectfully directed to close the motion at docket number 51.

SO ORDERED.

Dated:   New York, NY
         November 7, 2025                    _____
                                             JED S. RAKOFF, U.S.D.J.

2