UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| SINCLAIR & WILDE, LTD., <br><br> Plaintiff, <br><br> -against- <br><br> BARER HOLDING CO., et al., <br><br> Defendants. |
| BARER HOLDING CO., et al., <br><br> Third-Party Plaintiffs, <br><br> -against- <br><br> PHILIPPE HAIM SOLOMON, <br><br> Third-Party Defendant. |

24-cv-8488 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

Before the Court is a motion for attorneys' fees filed by defendants Barer Holding Company, Oktay Ercan, and Carl Erik Henin. The defendants request attorneys' fees of $1,524,060.27 in connection with the efforts undertaken by their attorneys throughout litigation and the ensuing jury trial. See Barer's Memorandum of Law in Support of its Motion for Attorneys' Fees, ECF No. 73 ("Fee Pet."). The plaintiff, Sinclair & Wilde, Ltd., disputes the amount requested. See Memorandum of Law in Opposition to Fee Petition, ECF No. 79 ("Fee Opp."). For the reasons set forth below, defendants' motion is granted for the full amount requested.

I.   Background

1

The Court assumes familiarity with this case and sets forth the background only briefly. Plaintiff Sinclair & Wilde initially brought several claims against the defendants, who in turn brought their own counterclaims, including breach of contract. After the Court granted in part and denied in part the defendants' motion for summary judgment, see ECF No. 45, this case proceeded to a jury trial.

On November 19, 2025, the jury unanimously found (a) that defendant Carl Erik Henin was not liable on plaintiff's claim of breach of fiduciary duty; (b) that defendant/third-party plaintiff Barer Holding Company ("Barer") was entitled to $9,522,000 in damages for its claim of breach of contract against plaintiff/counterclaim defendant Sinclair & Wilde; and (c) that third-party defendant Philippe Haim Solomon was jointly and severally liable for those damages. Based on this verdict and all prior proceedings, the Court concluded that Barer Holding Company was also entitled to a declaration that the agreements between Sinclair & Wilde and Barer Holding Company dated December 22, 2022 were valid and enforceable. See Trial Transcript, 11/19/25. The Court entered final judgment on November 24, 2025. ECF No. 68. Barer moved for attorneys' fees shortly thereafter. See Fee Pet.

II.  Discussion

The contract between Sinclair & Wilde and Barer provides that if a dispute is "resolved through legal proceedings, the prevailing

party shall be entitled to recover its legal fees, including but not limited to attorney's fees." ECF No. 74, Exh. A, ¶ 11. Sinclair & Wilde contends that Barer cannot invoke this fee-shifting clause because it is not a "prevailing party," since Barer did not recover the full $16 million it sought at trial. Fee Opp. at 3. That argument misstates the governing standard.

Parties can be prevailing even if they do not win the full amount they request from a jury. See Sheehan v. Metropolitan Life Ins. Co., 450 F. Supp. 321, 325 (S.D.N.Y. 2006). The operative question is whether the party "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Accordingly, Barer qualifies as a "prevailing party." Although it did not recover the full $16 million it sought, the jury awarded $9.52 million -- nearly 60% of its demand -- and found that the corporate veil could be pierced against Mr. Solomon. That ruling "material[ly] alter[ed] the legal relationship of the parties," and qualifies Barer as a prevailing party. Pres. Coalition of Erie County v. Fed Transit Admin., 356 F.3d 444, 451 (2d Cir. 2004).

Sinclair & Wilde nevertheless argues that Barer is not a prevailing party because Sinclair & Wilde never disputed that Barer was entitled some recovery on its breach of contract claim. In their view, both sides "won," and fee-shifting provisions do not

3

apply in that circumstance. Fee Opp. at 3-4 (citing TIG Insurance Co. v. Newmont Mining Corp., 226 F. App'x 49, 51 (2d Cir. 2007) (unpublished)). But Tig Insurance dealt with a materially distinguishable scenario, where the plaintiff prevailed on some issues but lost on "its most substantial claim." 226 F. App'x at 51. That is not this case, where Barer substantially prevailed on both its own claims and its defense to plaintiff's claims.

Furthermore, Sinclair & Wilde did in fact contest liability earlier in the case. At summary judgment, it argued that Barer's breach of contract claim needed to proceed to a jury (rather than be affirmatively decided at summary judgment) because "[s]ignificant questions of fact" remained about whether Barer performed and what damages it sustained. ECF No. 41 at 13. The Court rejected that position, resolved liability in Barer's favor, and sent only the issue of damages to the jury. That sequence underscores that Barr is the prevailing party within the meaning of the fee-shifting clause.

Sinclair & Wilde also contends that, even if Barer is the prevailing party on the breach of contract claim, its fee request is improper because it includes: (1) time spent on motions the defendants lost; (2) time devoted to claims later abandoned; and (3) time billed on behalf of co-defendants.

The first two arguments are easily dismissed. The fee-shifting clause entitles the prevailing party to recover legal

4

fees without distinguishing between work on successful versus unsuccessful or abandoned motions. And the governing law is clear: a court should award fees for the time reasonably spent securing the favorable result, even if not every argument carried the day. See Fox v. Vice, 563 U.S. 826, 834 (2011); see also LV v. New York City Dep't of Educ., 700 F. Supp. 2d 510, 529 (S.D.N.Y. 2010) ("A court should not disallow fees for every motion that a prevailing party did not win . . . lawyers may be compensated for advancing plausible though ultimately unsuccessful arguments.").

As to Sinclair & Wilde's third argument -- that Barer cannot recover for fees incurred on behalf of co-defendants Ercan and Henin, who were non-parties to the contract between Sinclair & Wilde and Barer -- the Court disagrees. As is evident from the fact that Sinclair & Wilde's counsel never asserted conflict-of-interest concerns about defense counsel representing all three defendants in this dispute, the work performed for Ercan and Henin inured to the benefit of Barer as well.

Accordingly, Barer's petition for attorneys' fees is granted in full.

SO ORDERED.

Dated:    New York, NY
          December 12, 2025

_____
JED S. RAKOFF, U.S.D.J.

5